UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN BROWN, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:18-cv-03157-JRS-TAB ) |
| INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, et al., | ) ) ) |
| Defendants. | ) ) |

**Order on Defendants' Motion to Dismiss (ECF No. 8)**

Plaintiffs Kevin and Dianne Brown allege federal-law civil rights claims under 42 U.S.C. § 1983 and state-law tort claims against Defendants Indianapolis Metropolitan Police Department ("IMPD"), the City of Indianapolis, under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and Officer Emily Perkins arising from a traffic stop. Plaintiffs concede that their claims under the Fifth, Eighth, and Fourteenth Amendments and their claims against IMPD should be dismissed (Pls.' Mem. Opp. Mot. Dismiss at 1–2, ECF No. 14), and Defendants concede that Mrs. Brown can proceed with her Fourth Amendment claims and her state-law assault, battery, and intentional infliction of emotional distress ("IIED") claims, (ECF No. 21).

Defendants move for dismissal of Plaintiffs' remaining claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, contending chiefly that the disposition of a failure-to-signal charge against Mr. Brown should judicially estop him from contesting the legality of his traffic stop and subsequent arrest. (*See* ECF

1

No. 8.) But judicial estoppel is an affirmative defense. *See Nature Conservancy v. Wilder Corp. of Del.*, 656 F.3d 646, 650 (7th Cir. 2011). "The mere presence of a potential affirmative defense does not render the claim for relief invalid. Further, these defenses typically turn on facts not before the court at that stage in the proceedings." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). Thus, it is typically premature for a court to dismiss a complaint on an affirmative defense unless "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

Here, the complaint itself does not allege that Mr. Brown admitted to the failure-to-signal charge. To the contrary, Plaintiffs specifically allege that Officer Perkins lacked probable cause to stop and arrest them, and that Mr. Brown operated the vehicle in a safe and reasonable manner. (Compl. ¶¶ 36–45, ECF No. 1.) Lacking support for their affirmative defense in the complaint, Defendants ask the Court to take judicial notice of Mr. Brown's deferred prosecution agreement and the state-court disposition of the charges against him. In deciding a Rule 12(b)(6) motion, a court is not strictly limited to the four corners of the complaint. Under the incorporation-by-reference doctrine, for example, a court may consider extraneous documents if they are referred to in the complaint and central to the claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citing *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998)). Similarly, in some instances, a court may take judicial notice of facts from prior court proceedings inasmuch as they are not subject

to reasonable dispute. *See* Fed. R. Evid. 201(b); *Watkins v. United States*, 854 F.3d 947, 950 (7th Cir. 2017).

But even if the Court were to take judicial notice of the state-court docket and the deferred prosecution agreement, it is not apparent at this stage whether Mr. Brown should be judicially estopped from challenging the legality of his traffic stop and arrest. Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 221, 227, n.8 (2000)). The purpose of judicial estoppel is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire* 532 U.S. at 749–50 (internal quotation marks and citations omitted). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion." *Id.* at 750 (internal quotation marks and citations omitted). Although there are no "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel," the Supreme Court has set forth three factors for courts to consider: (1) whether the party's later position is clearly inconsistent with its earlier position, (2) whether the party succeeded in persuading a court to accept the party's earlier position, and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51.

3

First, it is not apparent that Mr. Brown "prevailed" in his criminal case. Instead, it appears that Mr. Brown and the prosecutor *jointly* sought the court's blessing for their negotiated resolution of the charges. *See Wells v. Coker*, 707 F.3d 756, 760–61 (7th Cir. 2013) ("At best, perhaps one could say that Wells 'prevailed' in the sense that he avoided a trial for reckless discharge of a firearm, a felony for which Wells, if convicted, likely would have received a more onerous sentence. But this argument is specious. After all, Wells could have been acquitted had he gone to trial on the felony charge. Moreover, the State also benefitted from its compromise with Wells, trading the uncertainty of a jury trial for a known outcome while conserving prosecutorial resources."). Moreover, without the benefit of context (most notably, the charging instrument or a factual basis for the deferred prosecution agreement), it is not apparent that Mr. Brown's position in his criminal case is "inconsistent" with his claims in this litigation. Finally, even assuming Mr. Brown's positions are inconsistent, and he prevailed in his criminal case, it is not apparent that failing to estop Mr. Brown's claims would bestow an unfair advantage or impose an unfair detriment. "As a general matter, even when issues have been raised, argued, and decided in a prior proceeding, and are therefore preclusive under state law, redetermination of the issues may nevertheless be warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in the prior litigation." *Haring v. Prosise*, 462 U.S. 306, 317–18 (1983) (citations, quotation marks and alterations omitted). The record here is simply devoid of the circumstances surrounding the negotiated resolution of the criminal charges, so that the issue of judicial estoppel is better reserved for

summary judgment.[1]  *See, e.g.*, *Wells*, 707 F.3d at 760 (reviewing summary judgment).  Accordingly, Defendants' motion to dismiss Mr. Brown's false arrest claim, and his derivative *Monell* claim, is **denied**.  Defendants' argument for dismissal of Mr. Brown's state-law IIED claim assumes that Mr. Brown is judicially estopped from challenging the legality of his traffic stop and arrest; that motion is therefore **denied**, as well.

Defendants also move to dismiss Plaintiffs' excessive force claims, arguing that use of handcuffs, without more, does not support an excessive force claim.  But Plaintiffs do allege more—namely, that Officer Perkins drew her weapon.  The Seventh Circuit has repeatedly found that brandishing a firearm when an individual presents no danger may constitute constitutionally unreasonable force.  *See, e.g.*, *Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009) (applying *Graham* factors to hold the use of a submachine gun to effectuate a temporary detention was unreasonable); *Jacobs v. City of Chicago*, 215 F.3d 758, 773–74 (7th Cir. 2000) (pointing a gun at an elderly man after realizing he was not the desired suspect when he presented no resistance was unreasonable); and *McDonald v. Haskins*, 966 F.2d 292, 294–95 (7th Cir. 1992) (pointing a gun at a nine-year-old during a search was "objectively unreasonable").  Moreover, the Fourth Amendment's reasonableness inquiry is fact-intensive and therefore typically inappropriate at the motion-to-dismiss stage.  *See United States v.*

---

[1] It is not clear whether the Constitution's Full Faith and Credit Clause and 28 U.S.C. § 1738 require the court to apply Indiana's doctrine of judicial estoppel rather than the federal doctrine.  The key difference appears to be that Indiana law requires an additional showing of bad faith for judicial estoppel to apply.  Because the Court cannot determine at this stage whether judicial estoppel should apply under the federal standard, *a fortiori*, it cannot determine whether it should apply under the Indiana standard.

5

*Gaudin*, 515 U.S. 506, 512 (1995) (describing an assessment of reasonableness as fact-specific); *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 760 (7th Cir. 2006) (stating courts should act with "great restraint" when ruling on fact-bound inquiries at the motion-to-dismiss stage under Rule 12(b)(6)). Defendants' motion to dismiss Plaintiffs' excessive force claims is therefore **denied**. Defendants' argument for dismissal of Mr. Brown's state-law assault and battery claims assume that Mr. Brown fails to state a claim for excessive force; Defendants' motion to dismiss those claims is therefore also **denied**. Finally, Defendants' argument for dismissal of Mrs. Brown's loss-of-consortium claim assumes that Mr. Brown has not stated any claims, so that motion is likewise **denied.**

## Conclusion

Defendants' motion to dismiss Mr. Brown's Fourth Amendment claims is **denied**. Defendants' motions to dismiss Mr. Brown's *Monell* claim and his state-law tort claims assume that Mr. Brown failed to state a claim under the Fourth Amendment; those motions are likewise **denied**. And Defendants' motion to dismiss Mrs. Brown's loss-of-consortium claim similarly assumes that Mr. Brown fails to state a claim and is therefore **denied**. By agreement of the parties, all claims under the Fifth, Eighth, and Fourteenth Amendments and all claims against IMPD are **dismissed with prejudice**.

**SO ORDERED.**

Date: 8/7/2019

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

Mary Beth Ramey
RAMEY & HAILEY (Indianapolis)
marybeth@rameyandhaileylaw.com

Richard D. Hailey
RAMEY & HAILEY (Indianapolis)
rich@rameyandhaileylaw.com


Anne Celeste Harrigan
OFFICE OF CORPORATION COUNSEL
CITY OF INDIANAPOLIS
anne.harrigan@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP (Indianapolis)
Email: ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP (Indianapolis)
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS, LLP (Indianapolis)
jfk@rucklaw.com